FRANCIS NEWBOLD v. ASA BROWN AND WILLIAM C. SABRONSKY.

An action will lie against a tenant from year to year for permissive waste.

On demurrer to the declaration.

The plaintiff brings an action against the defendants for damages for permissive waste.

The first count in the declaration charges that the defendants held certain premises of the plaintiff as tenants from year to year, and during their term they, not regarding their duty, did allow the tables in the green-house to become rotten and dilapidated, and the roof of the potting-house to become rotten and unstable and liable to fall down, and one of the boilers in the green-house to break and remain out of repair, and permitted the said premises to be and continue ruinous, foul, prostrate, and in untenantable repair and condition for want of needful and necessary repair.

The second count charges that the said tenants undertook to use the said premises in a tenant-like and proper manner, but used the same in an untenant-like and improper manner, by reason whereof they became and were and still are ruinous, &c.

To this declaration the defendants file a general demurrer.

Argued at February Term, 1882, before Justices DIXON, REED and MAGIE.

For the demurrer, *P. Woodruff.*

*Contra, G. W. Hubbell.*

The opinion of the court was delivered by

REED, J.   The question discussed upon the argument of this demurrer is this : Will an action for permissive waste lie against a tenant from year to year ?

It was entirely settled at common law that an action for waste lay against the holder of the legal estates of guardian in chivalry, tenants in dower or by the curtesy, but that tenants who held conventional estates for life or years, inasmuch as the reversioner could have protected himself by his deed or lease, were irresponsible.

For the purpose of imposing upon the latter class of tenants a liability for permissive waste, the statutes of Marlbridge and of Gloucester were passed and substantially re-enacted in this state.   The text and object of those statutes are stated and discussed at length in the case of *Moore* v. *Townshend*, 4 *Vroom* 284.

That these statutes applied to conventional estates for life was settled.   That they did not apply to tenancies at will was also settled.   Whether they included terms for years was a subject upon which there existed in England diverse opinions.

That they do include such terms is settled as the law of this court in the case of Moore v. Townshend, and I think the conclusion so reached involved a solution of the present question against the position taken by the demurrant.   It is true that there are legal writers of authority who, while admitting that an action for permissive waste will lie against a tenant for years, either deny or doubt that it will lie against a tenant from year to year.   *Add. on Torts* 283 ; *Wood's Land. and Ten.*, § 427 ; *Taylor's Land. and Ten.*, § 688.   For these statements they each vouch as authorities some of the following cases : *Herne* v. *Bembow*, 4 *Taunt.* 764 ; *Gibson* v. *Wells*, 1 *Bos. & P. N. R.* 290 ; *Martin* v. *Gilham*, 7 *Ad. & E.* 540 ; *Torriano* v. *Young*, 6 *C. & P.* 8.

In Herne v. Benlow it does not appear that the tenancy was from year to year, nor does it appear what the holding was.

Gibson v. Wells was a case of strict tenancy at will.

Martin v. Gilham was decided upon the pleadings, the court

holding that the declaration did not charge permissive, but commissive waste—that permissive only was proven at the trial, and there was a variance.

The only case in which it was ruled that an action for permissive waste would not lie against a tenant from year to year is that of Torriano v. Young, and this case is properly criticised and disregarded in the opinion in Moore v. Townshend. The decision in Torriano v. Young did not go upon the ground that a tenancy from year to year, so far as it regarded the question under discussion, differed in any respect from a tenancy for years. In no case in which this question has been discussed, in the argument of counsel or in the opinion of courts, has it been suggested that one rule applied to tenants for years and another to tenants from year to year. The earlier commentators upon the scope of the statutes of Marlbridge and Gloucester included within their operation both classes of tenants.   1 *Saund.* 323, *b, note* 7.

Conceding that these acts cover tenancies for years, it seems too obvious for argument that they include the tenants in this case holding from year to year.

It is true that many such estates had their origin in tenancies at will, and the tenant at will was not called upon to repair, because he had no certainty of enjoyment.

The moment however, the tenancy at will becomes a tenancy from year to year, the tenant acquires a right of a fixed period of occupation. It is a term which may be assigned, (*Pleasant* v. *Benson*, 14 *East* 234); demised, (*Curtis* v. *Wheeler*, 1 *M. & M.* 493); mortgaged, (*Barrowes* v. *Grudin*, 1 *Dow. & L.* 213); taken upon execution at the suit of creditors of the tenant, (*Doe* v. *Ridout*, 5 *Taunt.* 519); or pleaded as a term. *Tomkins* v. *Lawrence*, 8 *C. & P.* 729.

Indeed, every term from year to year necessarily includes a term for years.

It is a term for years with the possibility of an indefinite continuity of yearly terms. Upon this ground it is held that a lease by a tenant from year to year to a sub tenant for a number of years, is not an assignment of his term, for by

possibility his tenancy may outlast the term, and the tenant has therefore a reversionary interest in which he may distrain. *Oxley* v. *James*, 13 *M. & W.* 209.

This being so, it follows that the rule already enunciated in this court, that a tenant for years is answerable for permissive waste, leads directly to the conclusion that the present action will lie.

There should be judgment for the plaintiff, with costs.